## KENT vs. M'KINNEY.

A fraudulent misrepresentation concerning the boundaries of a quarter section of land, may be ground for relief in equity against the contract for it, but damages claimed for such misrepresentation cannot be set-off at law.

A person who holds possession of property cannot set up fraud and deceit in the sale to avoid paying the price agreed upon.

DEBT ON A NOTE UNDER SEAL—NON EST FACTUM AND SET-OFF.

The defendant had purchased a quarter section of land of the pltff. at $— per acre, a conveyance had been executed and the def't. put in possession of the land. This suit was brought on one of the notes given to secure payment of the purchase money. The defendant pleaded the general issue, and gave notice that, on the trial, he should claim an allowance by way of set-off against the debt, damages for a fraudulent misrepresentation of the boundaries of the land; and alledged, that at the time the contract was made, plaintiff went with the defendant to shew him the land, and told him that the west line run so as to include a spring and a valuable piece of land adjoining it, whereas, in truth, the line run so as to exclude both, &c.

BEEBE for the defendant, called witnesses to prove the set-off— LEAVITT, for the plaintiff, objected to any evidence going to the jury on the matter attempted to be set off.

PRESIDENT—In the case of Morrison vs. Eaton, [*ante, page* 173,] it was decided that a man should not be permitted to, both keep possession of, and use property, which he had purchased, and set up a fraud and deceit in the sale to avoid paying for it. A court of equity

will relieve against a contract on the ground of fraud; but a purchaser has not the election of rescinding in toto, by application in equity, or rescinding in part by set-off or suit at law. The defendant has a right to set-off any " debt, contract or demand " he has against the plaintiff; but it must be such debt, contract, or demand, as he could sustain a suit at law for. The defendant could not sustain an action at law on the matter of this set-off, if he was out of possession, for it was his own fault to take the plaintiff's representation as to a boundary line, which it was easy for him to ascertain with the utmost certainty. Caveat emptor, is a rule of good sense as well as of law: if he has been imposed upon in a matter which, by the use of ordinary vigilance and care, he would have avoided; if he has taken the plaintiff's word instead of using his own eye sight, it is a degree of folly for which the law affords him no redress. Evidence rejected.